### Mrs. P. A. Mohhard, Appellee, v. St. Louis, Iron Mountain & Southern Railway Company, Appellant.

1. APPEALS AND ERRORS—*when objection not considered.* An objection made in the trial court will not be considered on review if not shown by the abstract.

2. VERDICT—*when not disturbed.* A verdict not manifestly against the weight of the evidence will not be set aside on review in the absence of errors of law.

3. MEASURE OF DAMAGES—*for injury to real property.* In an action for a permanent injury to real property by a permanent improvement legally erected, the measure of damages is the difference in the market value affected by such improvement.

Trespass on the case. Appeal from the Circuit Court of Randolph county; the Hon. B. R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed March 4, 1909.

R. F. SPRIGG, H. L. BROWNING and L. O. WHITNEL, for appellant.

A. E. CRISLER, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

This is a suit brought by appellee against appellant to recover damages alleged to have been sustained by reason of the building and maintenance by appellant of certain embankments and bridge, thereby

82    APPELLATE COURTS OF ILLINOIS.

Mohhard v. St. Louis, Iron Mountain & Southern, 147 App. 81.

causing the overflow-waters of Prairie Du Rocher Creek to flood appellee's premises.

The declaration is in two counts, which are substantially the same in material allegations, and charges permanent injury to real estate and destruction of personal property by the wrongful act of the defendant. A plea of not guilty was filed, and a trial by jury resulted in a verdict for plaintiff. A motion for a new trial was made and overruled. Judgment was rendered on the verdict, from which the defendant appealed, and asks a reversal by this court upon errors duly assigned.

The appellee owned about two acres of land lying north of and adjoining the village of Prairie Du Rocher and separated from the village by Prairie Du Rocher Creek, the boundary line of the village at this place. From a point east of appellee's premises the creek runs almost due west by and beyond her property, a distance of 400 feet, and then turns to the south and southwest through the village. Immediately north of appellee's property is a bluff, extending about 100 feet west of her west line. From the west end of the bluff, a levee, known in this record as the Bessen levee, was built in 1892, running along the north side of the creek following the general course of the creek, and about 150 feet from it, to and beyond the appellant's right of way and embankment. In 1906 appellant built a switch from its main line east, crossing the Bessen levee and the creek, and extending along near the south bank of the creek, which is the south boundary of appellee's property. The switch embankment crosses the Bessen levee and creek a short distance from the southward turn of the creek as above mentioned. The embankment is solid throughout, without opening or sluice-ways, except a bridge at the creek. The natural slope of the ground from the north side of appellee's property is to the southwest, and the overflow water from the creek above and in front of her property, in natural

course, flowed across the land on which the switch
embankment was built. It is in evidence that the creek
channel is not sufficient for the water of an ordinary
heavy rain fall, and that an overflow of the creek is
likely to occur two or three times a year. With the
bluff and Bessen levee on one side of the creek, and
appellant's embankment on the other, the bridge at
the creek being the only outlet, it is apparent that the
obstruction of overflow water from the creek was cal-
culated to affect the enclosed property. The channel
of the creek, though clear of obstructions, not being
sufficient to carry the water of an ordinary heavy
rain, the natural and usual overflow was to be re-
garded by the appellant in constructing its embank-
ment.

It is not in this case a question of negligence, but
one of legal obligation to compensate for damages
caused by a legally authorized permanent improve-
ment, and within the constitutional inhibition that
private property may not be taken or damaged with-
out compensation. There is evidence, which if
credited by the jury, justifies the verdict, and this
must be held conclusive, unless there was prejudicial
error appearing in the record brought here for re-
view. Whether the injury complained of was due to
an extraordinary and unprecedented flood, or was
caused in whole or part by appellee's levee around her
lot, or by the Bessen levee north of the creek, were
all questions of fact properly submitted to the jury,
and we cannot say that the verdict is manifestly
against the weight of the evidence.

The objection that appellee was permitted to testify
from a memorandum does not appear in the abstract
of evidence, and is not, therefore, available in this
court. The proper measure of damages to the real
estate was the difference in market value as affected
by the embankment. The action was for permanent
injury by a permanent improvement, and, as already
stated, it was a question of compensation for which

the law allows in such cases. The rule applied by the trial court was proper and correct under the law applicable in this case. Besides it does not appear from the abstract that appellant objected to the evidence as to damages, its contention throughout being that its embankment was properly and rightfully constructed, for which there was no liability whatever. The given instructions complained of are not as clear and accurate as they should be, in the statement of legal principle intended, but when considered in connection with all the other instructions, we do not think the jury misunderstood or was misled to the prejudice of appellant. Appellant's tendered instruction No. 9, was properly refused for, as already indicated, the question of negligence or ordinary care is not involved. The jury inspected the premises and heard the testimony of witnesses in estimate of damages, and there is nothing of record to justify this court in holding that the verdict is excessive. The judgment of the Circuit Court will be affirmed.

*Affirmed.*